No. 25-5197

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

GOUYEN BROWN LOPEZ, ET AL.,

*Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA, ET AL.,

*Defendants-Appellees*

and

RESOLUTION COPPER MINING LLC,

*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 2:25-cv-2758-PHX-DWL
Hon. Dominic W. Lanza

APPELLEES' JOINT MOTION TO CONSOLIDATE

Of counsel:

NICHOLAS PINO
*Attorney*
Office of General Counsel
U.S. Department of Agriculture

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

ERIKA NORMAN
ANGELA ELLIS
EZEKIEL A. PETERSON
*Attorneys*
Environment & Natural Resources
Division
U.S. Department of Justice
999 18th Street, North Terrace,

Suite 600
Denver, CO 80202
(202) 598-6399
Ezekiel.a.peterson@usdoj.gov

*Counsel for Federal Appellees*


MICHAEL R. HUSTON
*Counsel of Record*
PERKINS COIE LLP
2525 E. Camelback Rd, Suite 500
Phoenix, Arizona 85016-4227
(602) 351-8000
MHuston@perkinscoie.com

*Counsel for Intervenor-Defendant-*
*Appellee Resolution Copper Mining*
*LLC*

## INTRODUCTION

The issues presented in this appeal are substantially related to, and overlapping with, the issues presented in two other consolidated appeals currently pending before this Court: *Arizona Mining Reform Coalition, et al. v. United States Forest Service*, No. 25-5185 (*AMRC*), and *San Carlos Apache Tribe v. United States Forest Service*, No. 25-5189 (*San Carlos*). Accordingly, Appellees the United States of America et al ("Federal Defendants"), along with Intervenor-Defendant-Appellee Resolution Copper Mining LLC, respectfully move this Court to consolidate the above-captioned appeal with the *AMRC* and *San Carlos* cases.

All three appeals seek the same relief concerning the same federal action and the same administrative record. All three appeals arise from decisions by the same district court judge, which held in all three cases that the Plaintiffs had shown no substantial question on the merits of their claims.  The three appeals are already set by order of this Court to be heard by the same panel during the same calendar sitting. And the three appeals are all awaiting an immediate decision by the merits panel on a motion for an injunction pending appeal. Consolidating the appeals serves the interests of justice and efficiency.

Appellants Gouyen Brown Lopez et al. oppose this motion and plan to file a response. The *AMRC* appellants and *San Carlos* appellants state their position as follows: appellants "reserve [their] position until [they] can review th[is] filed motion, and due to the expedited time deadlines in this case, will file [their] response as expeditiously as possible."

## A. Procedural Background

At issue in this appeal is a land exchange mandated by Congress in the Southeast Arizona Land Exchange and Conservation Act, 16 U.S.C. § 539p. The purpose of the bipartisan Exchange Act, passed in 2014 and signed into law by President Obama, is to enable Resolution to build a mine that will produce enormous supplies of copper in an area of Arizona that has been mined for a century. In exchange for conveying the federal land, the government will receive from Resolution significantly larger acreage of valuable conservation and historical properties, including one of the most culturally important sites for Western Apache people—"Apache Leap"—to be preserved in perpetuity. Congress directed the land exchange to occur no later than 60 days following publication of a final environmental impact statement (FEIS). *See* Order 1–2,

ECF No. 45, No. 25-cv-2758 (D. Ariz. Aug. 17, 2025); 16 U.S.C.

§ 539p(c)(10). Because the FEIS was republished on June 20, 2025, the

statutory deadline for the government to complete the land exchange

was August 19.

Appellants here originally filed their complaint in the District of

Columbia district court on July 24. *See* Complaint, ECF No. 1, *Lopez* v.

*United States*, No. 25-cv-02408 (D.D.C.). They noted *AMRC* and *San*

*Carlos* as "related action[s]" pending in the District of Arizona. *Id.*, ECF

No. 2 (July 24, 2025). Because Appellants' claims substantially over-

lapped with the claims in those two cases, which had been pending for

years in Arizona, the D.C. district court transferred venue to the Dis-

trict of Arizona. Order, *id.*, ECF No 27 (Aug. 1, 2025). The D.C. district

court determined that "judicial economy" "strongly favor[ed] transfer,"

because "[e]ven though the precise contours of the claims and legal the-

ories in those other cases [*San Carlos* and *AMRC*] may not be identical

to those present here, they cover broadly the same areas of law … and

involve the same administrative record." Memorandum, *id.*, ECF No 28

(Aug. 1, 2025).

Appellants filed a motion for preliminary injunction on July 25

– 3 –

seeking to enjoin the land exchange mandated by Congress. No. 25-cv-2758, ECF No. 15. Federal Appellees and Resolution Copper (after intervening) opposed. On August 17, the district court in Arizona denied Appellants' motion for a preliminary injunction. *Id.*, ECF No. 45. The district court's order incorporated by reference several analyses in a 94-page order that the court had issued two days earlier denying similar preliminary injunction motions by the plaintiffs (appellants in this Court) in *AMRC* and *San Carlos*. *Id.* at 7. In each case, the district court thoroughly addressed Plaintiffs' arguments and concluded that none of the claims presented even a substantial question on the merits. Appellants immediately appealed under 28 U.S.C. 1292(a)(1), as had the plaintiffs in *AMRC* and *San Carlos*.

Appellants have filed on August 17 an emergency motion in this Court for an injunction pending appeal—seeking to prohibit the government from complying with Congress's direction in the Exchange Act. Dkt. No. 5. The appellants in *San Carlos* and *AMRC* have likewise sought that same relief from this Court. Federal Appellees and Resolution opposed all three motions. A motions panel of this Court granted an administrative injunction but expressly declined to rule on the motions

for an injunction pending appeal, instead referring the emergency motions to the merits panel. Dkt No. 9. The Court also ordered an expedited briefing schedule. *Id*. And it ordered the clerk to "calendar this appeal with" the appeals in *AMRC* and *San Carlos*, *id.*, which the Court by separate order directed to be "consolidated."

As of today (August 25), an administrative injunction is in effect, but no court has ruled on the Plaintiffs' emergency motions, and those motions to enjoin the Exchange Act pending appeal remain ready for immediate decision.

**B.  This Appeal presents substantially the same issues, and is proceeding on the same briefing schedule, as the *AMRC* and *San Carlos* appeals.**

In the district court, Appellants raised religious-exercise claims as well as claims under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, and the National Historic Preservation Act (NHPA), 54 U.S.C. § 300101 *et seq*. In their motion for injunction pending appeal, however, Appellants did not raise religious-exercise claims. Dkt. No. 5. Appellants' motion to this Court contends that the FEIS prepared by the U.S. Forest Service in accordance with NEPA should be vacated because it does not comply with a 150-page limit purportedly

applicable under 42 U.S.C. § 4336a(e)(1)(A)-(B), and that the agency's NEPA analysis was deficient for failing to consider an alternative mining method that would not enable extraction of more than 20 percent of the copper ore at the site. Dkt. No. 5 at 19–23. Appellants further claim that the Forest Service violated the NHPA by failing to give due consideration to comments by the Advisory Council on Historic Preservation, which opposed the statutory land exchange. *Id.* at 24–26.

As the district courts in both the District of Columbia and Arizona have observed, the issues raised by Appellants in this case overlap substantially with those in *AMRC* and *San Carlos*. Appellants in *AMRC* and *San Carlos* similarly seek to enjoin the statutory land exchange based on NEPA—they too argue that the agency's environmental analysis was insufficient in various respects and so should be vacated, including because of inadequate tribal consultation. Indeed, the D.C. district court transferred this case to Arizona specifically so that it could be adjudicated alongside *San Carlos* and *AMRC*. No. 25-cv-02408, ECF No. 28 at 5–6. And the issues in these three cases are so similar that, when the Arizona district court ruled on Appellant's motion for a preliminary

– 6 –

injunction, it incorporated by reference legal points from its ruling in *AMRC* and *San Carlos*. No. 25-cv-2758, ECF No. 45, at 7.

As mentioned, this Court has already ordered all three cases to be heard by the same panel and in the same calendar sitting. Dkt. No. 9. Given that scheduling, and given the substantial overlap between the facts, administrative record, and legal issues relevant to the cases, consolidation would serve the interests of justice and judicial economy. Even though Appellants raise somewhat different arguments to object to the land exchange, consolidating this appeal with *AMRC* and *San Carlos* would enable Appellees (Federal Defendants and Resolution) to each prepare a single response brief addressing all three sets of Appellants' opening briefs, thereby reducing the number of briefs presented to this Court. Consolidation would also enable this Court to more efficiently consider Appellees' cross-cutting defenses to the legal arguments and requests for relief raised by all three sets of Appellants.

## CONCLUSION

Appellees respectfully request that this Court consolidate this appeal with the appeals in *AMRC* and *San Carlos.*

Dated:  August 22, 2025          Respectfully submitted,

Of counsel:

NICHOLAS PINO
*Attorney*
Office of General Counsel
U.S. Department of Agriculture

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
Robert N. Stander
*Deputy Assistant Attorney General*

ERIKA NORMAN
ANGELA ELLIS
EZEKIEL A. PETERSON
*Attorneys*
Environment & Natural Resources
Division
U.S. Department of Justice
999 18th Street, North Terrace,
Suite 600
Denver, CO 80202
(202) 598-6399
Ezekiel.a.peterson@usdoj.gov

*Counsel for Federal Defendants*

MICHAEL R. HUSTON
*Counsel of Record*
PERKINS COIE LLP
2525 E. Camelback Rd, Suite 500
Phoenix, Arizona 85016-4227
(602) 351-8000
MHuston@perkinscoie.com

*Counsel for Intervenor-Defendant-
Appellee Resolution Copper Mining
LLC*

# CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1366 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Date: August 25, 2025

/s/*Ezekiel A. Peterson*
Ezekiel A. Peterson
Counsel for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

Participants in the case who are registered ACMS users will be served by the appellate ACMS system.

Date: August 25, 2025

/s/*Ezekiel A. Peterson*
Ezekiel A. Peterson
Counsel for Federal Defendants