

**U.S. Department of Justice**
Environment and Natural Resources Division

*Appellate Section*                                    *Telephone (202) 514-2748*
*P.O. Box 7415*
*Washington, DC 20044*

September 2, 2025

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the 9th Circuit
**Via ACMS**

**Re:**   **STATUS REPORT REGARDING PENDING EMERGENCY MOTIONS:**
*Arizona Mining Reform Coalition* v. *United States Forest Service*, No. 25-5185;
*San Carlos Apache Tribe* v. *United States Forest Service*, No. 25-5189; and
*Lopez* v. *United States of America*, No. 25-5197

Dear Ms. Dwyer,

The United States wishes to respectfully notify the merits panel for these appeals of their status: as of September 2, 2025, Appellants' emergency motions for an injunction pending appeal remain pending and ready for immediate decision. Those motions were filed on Saturday, August 16. On Monday, August 18, the motions panel entered an administrative injunction without ruling on the motions and referred them to the merits panel. As of today, the administrative injunction has been in effect for over two weeks. That status should not persist. As the district court explained in rigorous detail, Plaintiffs' claims are devoid of merit. An expeditious ruling on Plaintiffs' motions is critically important: every day that goes by, an Act of Congress has been enjoined. And it has been enjoined without review by this Court.

At stake in these appeals is a land exchange "authorize[d], direct[ed], facilitate[d], and expedite[d]" by Congress in the Southeast Arizona Land Exchange and Conservation Act, 16 U.S.C. § 539p. Congress enacted the Exchange Act pursuant to its constitutional authority to manage federal land. *See* U.S. Const. art IV, § 3, cl. 2. The purpose of the bipartisan Exchange Act, passed in 2014 and signed into law by President Obama, is to enable Intervenor-Defendant-Appellee Resolution Copper Mining LLC to build a mine that will produce enormous supplies of copper—a designated critical mineral—in an area of Arizona that has been mined for a century. The United States estimates that the mine will supply up to 25% of the Nation's copper for 50 years. In exchange for conveying the federal land, the United States will receive from Resolution significantly larger acreage of valuable conservation and historical properties, including one of the most culturally important sites for Western Apache people ("Apache Leap") to be preserved in perpetuity.

Appellants sued to enjoin the government from implementing Congress's directive to complete the land exchange no later than 60 days following publication of a final environmental impact

statement (FEIS). 16 U.S.C. § 539p(c)(10). Because the FEIS was published on June 20, 2025, the statutory deadline for the government to complete the land exchange was August 19.

On August 15, 2025, the district court (the Honorable Dominic W. Lanza) issued a 94-page order denying the preliminary injunction motions in *San Carlos* and *Arizona Mining Reform Coalition* ("*AMRC*"). No. 25-5185, 1-ER-6. The court found that (1) none of Appellants' arguments even raises a serious question on the merits; and (2) in any event, the balance of equities does not support an injunction given Congress's determination that this land exchange is in the best interests of the Nation. Two days later, the district court similarly denied the requested preliminary injunction motion in *Lopez*, incorporating much of its reasoning in *San Carlos/AMRC*, D. Ariz. No. 2:25-cv-2758, Dkt. 45. All three sets of plaintiffs appealed from the preliminary-injunction denial.

On August 16, the *San Carlos* and *AMRC* Appellants filed emergency motions in this Court seeking to enjoin the government from complying with the Exchange Act while this appeal is pending. The *Lopez* Appellants filed an emergency motion seeking the same relief on August 17. The parties completed briefing on those motions on August 18. That afternoon, a motions panel of this Court entered a "temporary administrative injunction" blocking execution of the Exchange Act, "to preserve the status quo while [Appellants' emergency injunction-pending-appeal] motions are pending." No. 25-5185, Dkt. 19 at 2. The motions panel expressly "t[ook] no position on the merits of the motions" and instead referred them to the merits panel for decision. *Id.* As of today, the administrative injunction has been blocking the Exchange Act for over two weeks, without any review of the merits.

The United States respectfully submits that it is imperative for the pending motions to be resolved promptly. An administrative injunction "is only intended to preserve the status quo until the substantive motion … can be considered on the merits." *National Urban League* v. *Ross*, 977 F.3d 698, 700-701 (9th Cir. 2020) (citation and internal quotations omitted); *accord United States* v. *Texas*, 144 S. Ct. 797, 798-799 (2024) (Barrett, J., concurring) ("An administrative stay should last no longer than necessary to make an intelligent decision on the motion for a stay pending appeal."); *cf.* Fed. R. Civ. P. 65(b) (a temporary restraining order is "not to exceed 14 days"). In this case, a transaction that has been expressly directed to occur by a date certain by an Act of Congress has already been enjoined for more than two weeks. 16 U.S.C. § 539p(a); *cf. Bank Markazi* v. *Peterson*, 578 U.S. 212, 234 (2016). It is untenable for such an explicit Congressional instruction to be rejected, for the indefinite future, on the basis of an administrative injunction that "take[s] no position on the merits of the motions." Dkt. 19 at 2.

Because Appellants seek "[a]n injunction pending appeal barring the enforcement of an Act of Congress," they bear an exceedingly heavy burden to show the "most critical and exigent circumstances" justifying that "extraordinary remedy." *Wisconsin Right to Life, Inc.* v. *FEC*, 542 U.S. 1305, 1305-1306 (2004) (cleaned up). Appellants must also make a "clear showing" that they are "likely" to succeed on the merits of their appeals. *Winter* v. *NRDC, Inc.*, 555 U.S. 7, 20 (2008). But as the district court explained, Appellants come nowhere close to carrying that burden; their motions falter on multiple independent grounds. Meanwhile, the administrative injunction is causing irreparable harm every day, because it prevents the government from complying with a congressional mandate to develop a critical mineral with vital national-security implications. The

administrative injunction also causes Resolution Copper to incur substantial daily monetary costs that cannot be recovered.

The United States provides this status report to facilitate the Court's expeditious consideration and denial of Appellants' emergency motions, and ultimately to enable the government to comply with Congress's statute.

Respectfully submitted,

/s/ Ezekiel A. Peterson
ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*
THEKLA HANSEN-YOUNG
*Attorney*
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 307-2710
robert.stander@usdoj.gov

EZEKIEL A. PETERSON
*Attorney*
Environment & Natural Resources Division
U.S. Department of Justice
999 18th Street, North Terrace, Suite 600
Denver, CO 80202
(202) 598-6399
ezekiel.a.peterson@usdoj.gov