**No. 25-5197**
_____

# In the United States Court of Appeals for the Ninth Circuit

GOUYEN BROWN LOPEZ, ET AL.,
*Plaintiffs-Appellants*,

v.

UNITED STATES OF AMERICA, ET AL.,
*Defendants-Appellees*,

and

RESOLUTION COPPER MINING, LLC,
*Intervenor-Defendant-Appellee*.

_____

On Appeal from the United States District Court
for the District of Arizona
No. 2:25-cv-02758-DWL
Hon. Dominic W. Lanza

_____

### OPPOSITION TO APPELLEES' JOINT MOTION TO CONSOLIDATE APPEAL
_____

Miles E. Coleman
NELSON MULLINS RILEY & SCARBOROUGH LLP
2 W. Washington St., Ste. 400
Greenville, SC 29601
(864) 373-2352
miles.coleman@nelsonmullins.com

Jeffrey A. Wald
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
(336) 774-3335
jeffrey.wald@nelsonmullins.com

Madeline C. Bergstrom*
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Ave. NW, Suite 900
Washington, DC 20001
(202) 689-2807
madeline.bergstrom@nelsonmullins.com

**application for admission forthcoming*

*Counsel for Plaintiffs-Appellants*

## OPPOSITION

Defendants' motion to consolidate this appeal with two other already-consolidated appeals—*Arizona Mining* and *San Carlos*—is a solution in search of a problem. This Court has already assigned this case, *Arizona Mining*, and *San Carlos* to the same panel, entered the same briefing schedule, and set them for argument at the same time. Given that, it is unclear what further purpose consolidation would serve. Defendants say they want "to each prepare a single response brief addressing all three sets of Appellants' opening briefs, thereby reducing the number of briefs presented to this Court." Mot. at 7. But Defendants don't need consolidation for that. They're already free to prepare a single brief addressing all three opening briefs and to file it in both appeals. Nor do Plaintiffs object to that.

Plaintiffs *do* object to consolidation of these appeals for oral argument. Plaintiffs' appeal presents unique claims not at issue in the consolidated *Arizona Mining* and *San Carlos* appeals. It also arises from a different proceeding and a different order below. Given that the same panel is already hearing the appeals together, consolidation would serve no additional purpose. It would only reduce the Court's ability to benefit from robust party presentation on the meaningful areas in which the cases differ.

Accordingly, the Court should deny the motion to consolidate, order Defendants to each prepare a single response brief addressing all three

opening briefs and to file it in both appeals, and schedule this appeal for oral argument separately but consecutively with the already-consolidated appeals in *Arizona Mining* and *San Carlos*. Alternatively, if the Court grants the motion to consolidate, it should enlarge the time for oral argument to ensure robust presentation of the distinct issues in this appeal.

## PROCEDURAL BACKGROUND

Defendants seek to consolidate this case with *Arizona Mining Reform Coalition v. United States Forest Service*, No. 25-5185 and *San Carlos Apache Tribe v. United States Forest Service*, No. 25-5189. But this case has followed a distinct path from *Arizona Mining* and *San Carlos* and raises distinct issues warranting separate consideration.

The land-transfer statute requires the government to publish "a single environmental impact statement" "[p]rior to" accomplishing the transfer. National Defense Authorization Act for Fiscal Year 2015, § 3003(c)(9)(B), 128 Stat. 3735–36. *Arizona Mining* and *San Carlos* were filed in response to the government's first attempt at an EIS in 2021. Both cases challenged the EIS under, *inter alia*, the National Environmental Policy Act and the National Historic Preservation Act; both were assigned to the same district judge (Judge Lanza); and both were stayed when the EIS was withdrawn on March 1, 2021.

Another case filed in 2021, *Apache Stronghold v. United States*, No. 2:21-cv-50 (D. Ariz. Jan. 12, 2021), challenged the legality of the land

transfer under the Religious Freedom Restoration Act (RFRA) and the First Amendment's Free Exercise Clause and sought an emergency injunction. In 2021, the government sought to consolidate all three cases. Recognizing that the "the legal theories asserted in [*Apache Stronghold*] and in *San Carlos* and *Arizona Mining* vary greatly," Judge Logan denied transfer and consolidation. Order Denying Consolidation, *Apache Stronghold v. United States*, No. 2:21-cv-50 (D. Ariz. April 16, 2021), Dkt. 36.

On June 20, 2025, the government published a new EIS. According to the schedule previously set by the district court for the paired cases, the plaintiffs in *Arizona Mining* and *San Carlos* filed amended complaints and motions for a preliminary injunction. The preliminary-injunction motions in those cases raise only environmental and other administrative-law claims—not claims under RFRA or the Free Exercise Clause. After briefing and a hearing, the district court denied the preliminary-injunction motions in that pair of cases in a single August 15, 2025, order.

Meanwhile, soon after the 2025 EIS was published, and following the Supreme Court's Free Exercise Clause decision in *Mahmoud v. Taylor*, 145 S. Ct. 2332 (2025), the *Lopez* Plaintiffs filed this suit in the District of D.C. and sought a preliminary injunction. *Lopez v. United States*, No. 1:25-cv-2408 (D.D.C., filed July 25, 2025). This case features RFRA and free exercise claims, including a claim focused on the Plaintiff parents' right to direct the religious upbringing of their children under *Mahmoud*. The D.C. district court, at Resolution's and the government's behest,

3

transferred this case to the District of Arizona. However, neither Resolution nor the government sought to consolidate this case with *Arizona Mining* or *San Carlos* in the district court. On August 17, 2025, the district court in Arizona denied Appellants' motion for a preliminary injunction. ER.1. This appeal followed.

A motions panel granted an administrative stay of the land transfer in *Arizona Mining* and *San Carlos* and ordered those cases to be consolidated. Dkt.19, *Arizona Mining*, No. 25-5185 (9th Cir. Aug. 18, 2025); Dkt.17, *San Carlos*, No. 25-5189 (9th Cir. Aug. 18, 2025). The motions panel referred the emergency motions in all three cases to a single merits panel. Dkt.9. It set the same expedited briefing schedule in all three cases and calendared the cases together for the next available calendar. *Id.*

## ARGUMENT

This Court should decline to consolidate this case with *San Carlos* and *Arizona Mining*, principally for the same reason the district court declined to consolidate *Apache Stronghold* with those cases: because "the legal theories asserted … vary greatly." Order Denying Consolidation, *Apache Stronghold*, No. 2:21-cv-50 (D. Ariz. April 16, 2021), Dkt. 36.

At the outset, this case presents religion claims that aren't at issue in *Arizona Mining* or *San Carlos*. Plaintiffs here raise claims under the Free Exercise Clause and RFRA, challenging the permanent destruction of the core sacred site of the Apache religion and the loss of their ability to pass

4

their religious practices down to future generations. Those claims are not at issue in the other appeals. The *Arizona Mining* plaintiffs have no religion claims at all. And the San Carlos Apache Tribe did not "seek preliminary relief" on its religion claims. *See* Mem. Supp. Prelim. Injunction at 17 n.16 (Dkt. 105), *San Carlos*, 2:21-cv-00068 (D. Ariz July 14, 2025). There will, therefore, be *no* overlapping arguments regarding these constitutional and statutory provisions, because those provisions aren't raised in the other appeals.

Moreover, while Plaintiffs here (like the *Arizona Mining* and *San Carlos* plaintiffs) also seek relief under NEPA and the NHPA, their NEPA claims differ from those at issue in *Arizona Mining* and *San Carlos*. The NEPA claims here challenge the government's overlength EIS and its failure to adequately analyze alternative mining methods besides the maximally destructive "panel caving" method Resolution prefers. *See* ER.9–18. The NEPA claims in *Arizona Mining* and *San Carlos* challenge an array of other issues, none including the EIS's length or consideration of alternative mining methods. *Compare* Order at 41–60, *San Carlos Apache Tribe*, 2:21-cv-00068 (D. Ariz. Aug. 15, 2025), Dkt. 124 (discussing plaintiffs' eight different NEPA theories); *with, e.g.*, E.R.9 ("[A]lthough the Court concluded in the August 15, 2025 order that none of the NEPA-related challenges in *San Carlos* and *AMRC* were likely to satisfy the 'final agency action' requirement, the analysis as to Plaintiffs' page-limit challenge may be different.").

5

So even where the statutes overlap, the theories vary significantly and warrant individualized consideration. Too, the *Arizona Mining* and *San Carlos* plaintiffs raise claims under still another statute—the National Forest Management Act—not at issue in this case. Order at 82–88, *San Carlos Apache Tribe*, 2:21-cv-00068 (D. Ariz. Aug. 15, 2025), Dkt. 124

Further, the appeals are from two separate decisions. *Cf.* FRAP 3(b) (contemplating consolidation when more than one party appeals from "a district court judgment or order"). The district court resolved *Arizona Mining Reform Coalition* and *San Carlos Apache Tribe* in a single opinion below. Order (ECF 124), *San Carlos Apache Tribe*, 2:21-cv-00068 (D. Ariz. Aug. 15, 2025). But *Lopez* proceeded separately and was addressed in a separate opinion. ER.1. Due to the compressed timeline, Judge Logan incorporated by reference to his order in the other cases some of his analysis on preliminary matters, general background descriptions, and equitable factors. *See* ER.7, 19. But his analysis on the merits of the *Lopez* claims was distinct.

Meanwhile, given the steps this Court has already taken to streamline these appeals, consolidation is unlikely to give rise to any further efficiencies. The same panel is currently considering the merits of all three cases, and the cases are currently set for the same briefing schedule and calendar. *See* Dkt.9. Defendants are also free to prepare a single, consolidated brief responding to all three opening briefs and file it in both ap-

6

peals. This arrangement *already* reaps any benefits of simultaneous consideration of the overlapping facts and administrative record while allowing the Court enough space and time to consider the substantively different merits of the unique claims in *Lopez*. Given what the Court has already done, the marginal effect of consolidating will only be to minimize this Court's ability to benefit from robust party presentation on the distinct claims and legal arguments—with no additional efficiencies gained.

For their part, Defendants' logic for consolidation rests largely on an erroneous assertion: that the *Lopez* Plaintiffs' religion claims are not at issue. *See* Dkt.19.1 at 5. But as previously explained, Dkt.12.1 at 9 n.2, while Plaintiffs have not pressed those claims as a basis for emergency relief, they will fully assert those claims as a basis for a preliminary injunction before the panel and (if necessary) the en banc Court.

## CONCLUSION

The Court should deny Defendants' motion to consolidate, order Defendants to each prepare a single response brief addressing all three opening briefs and to file it in both appeals, and schedule this appeal for oral argument separately but consecutively with the already-consolidated appeals in *San Carlos* and *Arizona Mining*. Alternatively, if the Court grants the motion to consolidate, it should enlarge the time for oral argument to ensure robust presentation of the distinct issues in this appeal.

Respectfully submitted,

/s/ *Miles E. Coleman*

Miles E. Coleman
NELSON MULLINS RILEY & SCARBOROUGH LLP
2 W. Washington St., Ste. 400
Greenville, SC 29601
(864) 373-2352
miles.coleman@nelsonmullins.com

Jeffrey A. Wald
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
(336) 774-3335
jeffrey.wald@nelsonmullins.com

Madeline C. Bergstrom*
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Ave. NW, Suite 900
Washington, DC 20001
(202) 689-2807
madeline.bergstrom@nelsonmullins.com

*application for admission forthcoming*

## CERTIFICATE OF COMPLIANCE

This motion complies with the requirements of Fed. R. App. P. 27(d) and Circuit Rules 27-1(1)(d) and 32-3(2) because it has 1,643 words.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Miles E. Coleman*
Miles E. Coleman

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 4, 2025. All participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Miles E. Coleman*
Miles E. Coleman
*Counsel for Plaintiffs-Appellants*