No. 25-5197

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

GOUYEN BROWN LOPEZ, ET AL.,

*Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA, ET AL.,

*Defendants-Appellees*

and

RESOLUTION COPPER MINING LLC,

*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 2:25-cv-2758-PHX-DWL
Hon. Dominic W. Lanza

### APPELLEES' JOINT REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

| | |
|---|---|
| | ADAM R.F. GUSTAFSON |
| Of counsel: | *Acting Assistant Attorney General* |
| | ROBERT N. STANDER |
| NICHOLAS PINO | *Deputy Assistant Attorney General* |
| *Attorney* | |
| Office of General Counsel | ERIKA NORMAN |
| U.S. Department of Agriculture | ANGELA ELLIS |
| | EZEKIEL A. PETERSON |
| | *Attorneys* |
| | Environment & Natural Resources Division |
| | U.S. Department of Justice |

999 18th Street, North Terrace,
Suite 600
Denver, CO 80202
(202) 598-6399
ezekiel.a.peterson@usdoj.gov

*Counsel for Federal Appellees*


MICHAEL R. HUSTON
  *Counsel of Record*
PERKINS COIE LLP
2525 E. Camelback Rd, Suite 500
Phoenix, Arizona 85016-4227
(602) 351-8000
MHuston@perkinscoie.com

*Counsel for Intervenor-Defendant-Appellee Resolution Copper Mining LLC*

Before this Court is the Defendants-Appellees and Intervenor-Defendant-Appellees' motion to consolidate the above-captioned appeal with two already-consolidated appeals: *Arizona Mining Reform Coalition* v. *United States Forest Service*, No. 25-5185 (*AMRC*), and *San Carlos Apache Tribe* v. *United States Forest Service*, No. 25-5189 (*San Carlos*). As explained in our motion, the issues and underlying facts presented in this appeal are substantially related to, and overlapping with, the issues presented in those two other appeals.

The *Lopez* Appellants formally oppose consolidation of these appeals for oral argument. But they otherwise appear to agree (at Opposition 1, 6-7) that this case should not be considered separately from *Arizona Mining Reform Coalition* v. *United States Forest Service*, No. 25-5185 (*AMRC*), and *San Carlos Apache Tribe* v. *United States Forest Service*, No. 25-5189 (*San Carlos*). Appellants recognize (at Opposition 1, 6) that the same panel will hear all three appeals on the same oral argument calendar. They concede (at 6) that all three appeals concern the same administrative record, and that so many of the issues are the same that the district court incorporated by reference large portions of the 94-page *San Carlos* and *AMRC* order into the decision under review

– 1 –

in this appeal. See No. 25-cv-2758, ECF No. 15 at 7 (D. Ariz. Aug. 17, 2025) ("Order"). Appellants do not deny that all three appeals seek the very same relief—to enjoin the same statutorily required land exchange concerning the same parcels of land—nor that the D.C. district court transferred this action to the District of Arizona so that the three cases could be heard together. See Dkt. 19 at 3 (Motion). In these circumstances, consolidation will provide the most efficient path for this Court's consideration of these appeals.

1. Appellants' core contention (at Opposition 4–6) is that their legal theories differ from those asserted in *San Carlos* and *AMRC*. But like the Appellants in *AMRC* and *San Carlos*, Appellants here seek to enjoin the land exchange based on alleged insufficiencies in the U.S. Forest Service's analysis under the National Environmental Policy Act and, like the Appellants in *San Carlos*, the agency's alleged failure to comply with the requirements of the National Historic Preservation Act for consultation with affected parties. See Motion at 5–6; Order at 9–18. The only difference between the three sets of appellants concerns *how* they contend that the Forest Service violated those statutes. That difference is hardly a reason to deny consolidation, as demonstrated by the

consolidation of *AMRC* and *San Carlos* despite variations in those Appellants' claims. All three appeals will turn on the same statutes and the same essential facts.

While Appellants note (at Opposition 4–5) that they have preserved certain religious claims for appeal, that also provides no reason to deny consolidation. Contrary to Appellants' assertion (at Opposition 7), Appellees never asserted that the religious claims are "not in issue" at all on appeal; we observed only that Appellants did not raise those claims in their pending emergency motions for an injunction pending appeal. See Motion at 5.

In any case, the presence of additional legal challenges to the same statute, based on the same underlying facts, is insufficient reason to deny consolidation. *San Carlos* and *AMRC* do not concern identical claims or legal theories, either. For example, the *AMRC* Appellants seek to the enjoin the land exchange through a challenge to the appraisals, a claim the *San Carlos* Appellant does not bring, and the *San Carlos* Appellant seeks to enjoin the exchange under the NHPA, a claim that is not present in *AMRC* (but which is present in *Lopez*). Yet this Court has already determined consolidation of those cases is appropriate.

Appellants also ignore the most obvious common link between all three cases under consideration: they all seek to enjoin the execution of the same Act of Congress, the Southeast Arizona Land Exchange and Conservation Act, 16 U.S.C. § 539p. Consolidating the appeals will enable the panel to consider and interpret this statute in an orderly manner and to write a single opinion applying that statute to the parties' substantially similar challenges.

2. Appellants also have no answer to Appellees' argument (at Motion 7) that their "cross-cutting defenses" applicable to "all three sets of Appellants" justify consolidation. In the district court, Appellees raised significant threshold defenses to all three appeals that would resolve Appellants' claims—including lack of standing, the absence of final agency action subject to judicial review, and the statute's refusal to permit an injunction as a remedy for any alleged faults in the agency's analysis. See Order at 7. Consolidation would permit this Court to consider these threshold issues and potentially resolve all three appeals in a single decision on any one of those preliminary grounds.

3. Appellants fall back to suggest (at Opposition 6–7) that it would be equally efficient if Appellees were to file a "single, consolidated

brief responding to all three opening briefs and file it in both appeals." But without consolidation, Appellees will each be entitled to file two separate briefs—one of 15,400 words responding to the *San Carlos* and *AMRC* appeals, per Circuit Rule 32-2(b)—and another standard-length brief responding to Appellants here. Consolidation will facilitate each Appellee's preparation of a single brief to this Court responding to each appellant's legal arguments. Indeed, Appellants' suggestion that Appellees file the *same* brief in all three cases only underscores that the appeals are so similar, and the issues so overlapping, that consolidation is the most sensible way to proceed. And while Appellees need to review the opening briefs in order to know how many words would be necessary for that response, Appellees expect to request permission from this Court to file consolidating answering briefs of *fewer* total words than they would be allotted by the Rules without consolidation.

4. Appellants alternatively request (at Opposition 7) that, if the Court grants consolidation, it "enlarge the time for oral argument." The *AMRC* and *San Carlos* Appellants "take no position" on the pending consolidation motion but similarly request that consolidation "not diminish the oral argument time of each of the sets of" plaintiffs. See

Dkt. 32.1 at 1, No. 25-5185. No action on this request is currently necessary, as the parties and the Court can address those issues following consolidation. And of course, how much time to permit each side at oral argument is a matter for the Court's discretion.

The Court also need not address the *AMRC* and *San Carlos* Appellants' request for "confirmation" that Appellees each will be permitted to file a consolidated Answering Brief of no more than 15,400 words. *Id.* The Opening Briefs have yet to be filed, and Appellees will submit a request to modify the Rule's briefing limit if appropriate.

As for the *AMRC* and *San Carlos* Appellants' request that Appellees be required to "clearly delineate within their answering brief as to which appeal, claim, and argument they are responding to within each section," *id.*, Appellees already plan to do so for the benefit of the Court.

## CONCLUSION

Appellees respectfully request that this Court consolidate this appeal with the appeals in *AMRC* and *San Carlos*.

Dated: September 8, 2025

Of counsel:

NICHOLAS PINO
*Attorney*
Office of General Counsel
U.S. Department of Agriculture

Respectfully submitted,

/s/ Ezekiel A. Peterson

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

ERIKA NORMAN
ANGELA ELLIS
EZEKIEL A. PETERSON
*Attorneys*
Environment & Natural Resources Division
U.S. Department of Justice
999 18th Street, North Terrace, Suite 600
Denver, CO 80202
(202) 598-6399
Ezekiel.a.peterson@usdoj.gov

*Counsel for Federal Appellees*


MICHAEL R. HUSTON
 *Counsel of Record*
PERKINS COIE LLP
2525 E. Camelback Rd, Suite 500
Phoenix, Arizona 85016-4227
(602) 351-8000
MHuston@perkinscoie.com

*Counsel for Intervenor-Defendant-Appellee Resolution Copper Mining LLC*

– 7 –

## CERTIFICATE OF COMPLIANCE

This reply complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1,186 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Date: September 8, 2025

/s/ Ezekiel Peterson