# Nos. 25-5185, 25-5189, 25-5197

# In The United States Court of Appeals for the Ninth Circuit

ARIZONA MINING REFORM COALITION; et al.,

*Plaintiffs-Appellants,*

v.

BROOKE L. ROLLINS, U.S. Secretary of Agriculture, et al.,

*Defendants-Appellees,*

and

RESOLUTION COPPER MINING LLC,

*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 2:21-cv-00122-PHX-DWL
Hon. Dominic W. Lanza

### RESOLUTION COPPER MINING LLC'S UNOPPOSED MOTION TO EXPAND WORD LIMIT

Christopher D. Thomas
Andrea J. Driggs
Janet M. Howe
Benjamin A. Longbottom
HOLLAND & HART LLP
2398 E. Camelback Rd, Suite 650
Phoenix, AZ 85016
(602) 507-9704
CDThomas@hollandhart.com

Michael R. Huston
  *Counsel of Record*
Diane M. Johnsen
Nicholas S. Crown
Samantha J. Burke
Addison W. Bennett
PERKINS COIE LLP
2525 E Camelback Rd, Suite 500
Phoenix, AZ 85016
 (602) 351-8000
MHuston@perkinscoie.com

*Counsel for Resolution Copper Mining LLC*

SAN CARLOS APACHE TRIBE, a federally recognized Tribe,

*Plaintiff-Appellant,*

v.

UNITED STATES FOREST SERVICE,
an agency of the U.S. Department of Agriculture, et al.,

*Defendants-Appellees*,

and

RESOLUTION COPPER MINING LLC,

*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 2:21-cv-0068-PHX-DWL
Hon. Dominic W. Lanza

GOUYEN BROWN LOPEZ, et al.,

*Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA, et al.,

*Defendants-Appellees*,

and

RESOLUTION COPPER MINING LLC,

*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 2:25-cv-2758-PHX-DWL
Hon. Dominic W. Lanza

Pursuant to Circuit Rule 32.2, Intervenor-Defendant-Appellee Resolution Copper Mining LLC respectfully moves for leave to file a Combined Answering Brief of no more than 20,000 words in these complex consolidated appeals. Plaintiffs do not object to this request. This Motion is supported by the attached Declaration of Michael R. Huston.

Plaintiffs in these three consolidated cases filed three opening briefs that together total approximately 41,000 words. Six groups of amici curiae filed additional briefs supporting Plaintiffs—in some cases raising legal arguments not advanced by Plaintiffs. Resolution proposes to file a single brief of less than half the total number of words submitted by Plaintiffs, excluding their amici. Good cause supports this request.

**First**, these cases raise multiple issues of national concern that require thorough and thoughtful briefing. Plaintiffs seek to enjoin an Act of Congress: the Southeast Arizona Land Exchange and Conservation Act, 16 U.S.C. § 539p. Plaintiffs argue that they will suffer irreparable injury if they cannot access the federal land to be exchanged, but as the district court concluded, those concerns are outweighed by the critical national security and economic interests that prompted Congress to enact the Exchange Act. Since then, the government has invested huge amounts of time and resources to prepare the FEIS and otherwise comply with the Act. Resolution has invested over *$545 million* in the project just since January 2021; it incurs about $11 million a month in costs to maintain the mine in a state of operational readiness. 1-RCMSER-7, 13.

- 1 -

The claims brought by Plaintiffs the San Carlos Apache Tribe (the Tribe) and Arizona Mining Reform Coalition, et al. (AMRC) are procedural: they allege that the land exchange should not be permitted to go forward because of purported deficiencies in the Final Environmental Impact Statement (FEIS) and alleged breaches of duties imposed by the Exchange Act, NEPA, and the NHPA with respect to tribal consultation and land appraisals. The third group of Plaintiffs, Gouyen Brown Lopez, et al. (Lopez) separately argues the land exchange will violate their rights under the Religious Freedom Restoration Act and the Free Exercise Clause. This Court rejected materially identical religious-practice claims in *Apache Stronghold* v. *United States*, 101 F.4th 1036, 1058 (9th Cir. 2024) (en banc). Lopez now argues that *Mahmoud* v. *Taylor*, 145 S.Ct. 2332 (2025), undermines that Circuit precedent. Resolution must brief each of those arguments for this Court.

**Second**, even though these appeals have been appropriately consolidated because they all arise from decisions by the same district court judge and concern the same statute and FEIS, each of the three cases raises multiple distinct issues that Resolution's response brief must address separately. For example, although each Plaintiff challenges the land exchange under NEPA and the APA, the specifics of their allegations vary:

- AMRC argues that the Forest Service breached its obligations under NEPA by (1) failing to consider the cumulative effects of the

- 2 -

mine's groundwater pumping along with forecasted water usage by a planned development called Superstition Vistas; (2) failing to consider potential mitigation measures to address regional groundwater declines; and (3) failing to adequately consider comments from cooperating government agencies. AMRC also argues that the Forest Service arbitrarily approved the appraisal for one of the federal parcels involved in the exchange, arguing the appraisal violates applicable federal regulations.

- The Tribe (1) argues that *Seven County Infrastructure Coalition* v. *Eagle County Colorado*, 145 S.Ct. 1497, 1510 (2025), does not require deference to the Forest Service's technical analysis in the FEIS; (2) challenges the district court's treatment of two expert declarations that the Tribe sought to put into the record (and which the court considered for their substance); and (3) challenges the FEIS's groundwater modeling and analysis of (a) a tailings storage facility alternatives and associated pipelines, and (b) possible acid-rock drainage allegedly implicating groundwater downstream of the tailings facility.

- Lopez challenges (1) the Forest Service's decision to evaluate the environmental effects of block-cave mining—the method that Resolution will use to extract copper from the site—rather than any other mining method that would require foregoing a substantial majority of the copper ore body; and (2) the length of the FEIS,

- 3 -

which Lopez argues exceeds a page limit imposed by recent amendments to NEPA.

The Tribe separately argues that the Forest Service has failed to comply with its obligations under the Exchange Act to engage in consultation with affected Indian tribes concerning issues of concern. And Lopez contends that the Forest Service breached its obligation under the NHPA to respond to recommendations of the Advisory Council on Historic Preservation.

**Third**, in addition to engaging on the merits of Plaintiffs' various challenges to the land exchange, Resolution must also brief to this Court various legal defenses that defeat several of Plaintiffs' claims at the threshold. For example, Plaintiffs have not demonstrated any injury sufficient to support Article III standing; nor have they shown that their alleged harm is traceable to the Forest Service's approval of the FEIS, nor that their alleged harms are redressable by judicial order; nor that Plaintiffs' requested remedy (vacatur of the FEIS) is legally available here. And as the district court found, Plaintiffs' challenges to the FEIS fail at the outset for lack of a final agency action under the APA.

**Fourth**, at issue in all three appeals is a huge administrative record supporting the FEIS. The FEIS itself includes three narrative volumes—totaling 1,083 pages (plus a 31-page Executive Summary)—and three volumes of appendices adding another 1,400 pages. 3-RCMSER-539–12-RCMSER-3212. The agency's website contains hundreds of

- 4 -

studies and other project documents, 848 of which the FEIS references. In denying Plaintiffs' requests for injunctive relief, the district court carefully analyzed each of their criticisms of the FEIS and then detailed at length, with dozens of citations to the record, why Plaintiffs failed to show any arbitrary or capricious decisionmaking. Plaintiffs raise many of those same criticisms on appeal. Responding to those arguments requires Resolution to recount the extensive record evidence that supports the district court's determinations.

Circuit Rule 32-2(b) provides that, without an expansion, Resolution is entitled to file a single answering brief of 15,400 words in these consolidated appeals. Resolution has diligently sought to craft a brief to this Court that is no longer than necessary. Nevertheless, the existing word limit is not sufficient to adequately address Plaintiffs' 41,000 words of briefing (plus six amicus briefs). A modest expansion of the word limit will enable Resolution to adequately brief the important issues presented for this Court's review.

## Conclusion

Having shown diligence and an extraordinary and compelling need, Resolution respectfully requests leave to file a combined answering brief of no more than 20,000 words.

|  | Respectfully submitted, |
|---|---|
|  | /s/ *Michael R. Huston* |
|  | *Counsel of Record* |
| Christopher D. Thomas | Diane M. Johnsen |
| Andrea J. Driggs | Nicholas S. Crown |
| Janet M. Howe | Samantha J. Burke |
| Benjamin A. Longbottom | Addison W. Bennett |
| HOLLAND & HART LLP | PERKINS COIE LLP |
| 2398 E. Camelback Road, Suite 650 | 2525 E Camelback Rd, Suite 500 |
| Phoenix, AZ 85016 | Phoenix, AZ 85016 |
| (602) 507-9704 | (602) 351-8000 |
| CDThomas@hollandhart.com | MHuston@perkinscoie.com |

*Counsel for Intervenor-Defendant-Appellee*
*Resolution Copper Mining LLC*

September 29, 2025

- 6 -

## CERTIFICATE OF COMPLIANCE

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,104 words excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

/s/ *Michael R. Huston*
Michael R. Huston
PERKINS COIE LLP

*Counsel for Intervenor-Defendant-Appellee Resolution Copper Mining LLC*