

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Miles E. Coleman
T 864.373.2352   F 864.373.2925
miles.coleman@nelsonmullins.com

2 W. Washington Street | Fourth Floor
Greenville, SC 29601
T 864.250.2300   F 864.232.2925
www.nelsonmullins.com

March 5, 2026

**Via CM/ECF**
Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

**Re:   *Lopez v. United States*, No. 25-5197 (9th Cir.)**
      **Notice of Supplemental Authority**

      *Mirabelli v. Bonta*, No. 25A810, 607 U.S. ----,
      2026 WL 575049 (Mar. 2, 2026) (attached as Exhibit A)

Dear Ms. Dwyer,

    The Supreme Court's decision in *Mirabelli* supports Plaintiffs' free exercise claim. *See* Br. 47–51.

    *Mirabelli* involves a California policy that forbids public schools from notifying parents about their child's gender transition at school unless the child consents to notification. Religious parents challenged the policy as a violation of their right to guide the religious development of their children under *Mahmoud v. Taylor*, 606 U.S. 522 (2025). The district court agreed and enjoined the policy. This Court, however, stayed the injunction, concluding that "the district court improperly extended the reasoning of *Mahmoud*" beyond the "narrow" context of "coercive 'curricular requirements.'" *Mirabelli v. Bonta*, No. 25-8056, 2026 WL 44874, at *3 (9th Cir. Jan. 5, 2026).

    The Supreme Court then granted emergency relief and rejected this Court's reading of *Mahmoud*. As the Supreme Court explained, this Court was wrong to "brush[] aside" *Mahmoud* "as 'a narrow decision focused on uniquely coercive "curricular requirements."'" *Mirabelli*, 2026 WL 575049, at *2. "Indeed, the intrusion on parents' free exercise rights here—unconsented facilitation of a child's gender

*Lopez v. Unites States*
No. 25-5197
March 5, 2026

transition—is greater than the introduction of LGBTQ storybooks ... in *Mahmoud*." *Id.* Justice Barrett, joined by Justice Kavanaugh and the Chief Justice, further emphasized that a "general course correction" via emergency relief was needed because "[t]he Ninth Circuit ... significantly misunderstood *Mahmoud*" and thus exposed parents to "irreparable harm." *Id.* at *4 (Barrett, J., concurring).

*Mirabelli* applies to Plaintiffs' claims here. As in *Mirabelli*, Defendants wrongly try to brush aside *Mahmoud* as a "narrow" decision about "'mandatory' curriculum." Res.72, 74; Gov.74–75. But as in *Mirabelli*, the intrusion on parents' rights here is "greater than" the mere introduction of LGBT storybooks: It consists of the unconsented destruction of an irreplaceable sacred site, preventing parents from ever again holding essential religious ceremonies to initiate their children into the faith. Reply 26. And as in *Mirabelli*, "the parents are likely to suffer irreparable harm" if Oak Flat is destroyed "while this litigation winds its way through the courts." 2026 WL 575049, at *4 (Barrett, J., concurring). Thus, as in *Mirabelli*, an injunction protecting Plaintiffs' religious exercise is warranted.

Word Count: 350

Respectfully submitted,

/s/ *Miles E. Coleman*
Miles E. Coleman
NELSON MULLINS RILEY
   & SCARBOROUGH LLP
2 W. Washington St., Suite 400
Greenville, SC 29601
(864) 373-2352
miles.coleman@nelsonmullins.com

Jeffrey A. Wald
NELSON MULLINS RILEY
   & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
(336) 774-3335
jeffrey.wald@nelsonmullins.com

*Counsel for Plaintiffs-Appellants*

Madeline C. Bergstrom
NELSON MULLINS RILEY
   & SCARBOROUGH LLP
101 Constitution Ave. NW, Suite 900
Washington, DC 20001
(202) 689-2807
madeline.bergstrom@nelsonmullins.com