Case No. 25-5197

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GOUYEN BROWN LOPEZ *et al.*,

*Appellants*,

v.

UNITED STATES OF AMERICA *et al.*,

*Appellees*,

and

Resolution Copper Mining, LLC,

*Intervenor-Appellee.*

On Appeal from the U.S. District Court for the District of Arizona
Hon. Dominic W. Lanza, Judge | Case No. 2:25-cv-02758-DWL

## UNOPPOSED MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF EN BANC REHEARING

Wesley James Furlong
  *Counsel of Record*
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 310
Anchorage, AK 99501
Tel. (907) 276-0680
wfurlong@narf.org

Beth Margaret Wright
Jason Searle
NATIVE AMERICAN RIGHTS FUND
250 Arapahoe Avenue
Boulder, CO 80302
Tel. (303) 447-8760
wright@narf.org
searle@narf.org

*Counsel for* Amici Curiae

Pursuant to Federal Rule of Appellate Procedure 29(b)(2) and Ninth Circuit Rule 29-2(a), proposed *Amici Curiae* National Congress of American Indians ("NCAI") and National Association of Tribal Historic Preservation Officers ("NATHPO") respectfully move the Court for leave to file the attached *amici curiae* brief in support of Appellants Gouyen Brown Lopez, Sinetta Lopez, Nomie Brown, and Angela Kinsey (together, "Appellants") and en banc rehearing. NCAI and NATHPO have strong interests in this case, and their proposed *amici curiae* brief is desirable and relevant to the disposition of this case. Undersigned counsel has conferred with counsel for the Parties in all three consolidated cases,[1] and all represent that their clients do not oppose this motion.

Proposed *Amicus Curiae* NCAI, founded in 1944 and based in Washington, D.C., is the oldest and largest national organization comprised of American Indian and Alaska Native governments and their citizens. NCAI advises and educates the public, state governments, and the federal government on a broad range of issues

---

[1] *See Brown v. United States*, No. 25-5197 (9th Cir.); *Ariz. Mining Reform Coal. v. U.S. Forest Serv.*, No. 25-5185 (9th Cir.); *San Carlos Apache Tribe v. U.S. Forest Serv.*, No. 25-5189 (9th Cir.).

involving Tribal sovereignty, self-government, treaty rights, religious freedom, and policies affecting Tribal Nations and individual American Indians and Alaska Natives. NCAI's primary focus is protecting the inherent sovereign legal rights of Tribal Nations through positions directed by consensus-based resolutions. These resolutions are promulgated at NCAI national conventions by the organization's entire membership. NCAI's membership has passed at least five resolutions supporting the protection of Chi'chil Biłdagoteel (Oak Flat) and opposing the United States's transfer of Chi'chil Biłdagoteel to Intervenor-Appellee Resolution Copper Mining, LLC ("Resolution Copper"). NCAI's membership is comprised of approximately 300 Tribal Nations and is renewed annually.

Proposed *Amicus Curiae* NATHPO is the only national organization devoted to supporting Tribal Historic Preservation Officers and Tribal Historic Preservation Programs. NATHPO is a non-profit membership organization founded in 1998. Its membership is comprised of Tribal governmental officials who implement federal and Tribal cultural resource and historic preservation laws and policies. NATHPO empowers Tribal preservation officials and leaders protecting culturally

3

important places that perpetuate Native identity, resilience, and cultural endurance. Connections to cultural heritage sustain the health and vitality of Native peoples. NATHPO also advises Congress, the courts, and federal agencies on Native culture, religion, and history; the importance of Tribal consultation; and the property implementation of federal cultural resource, historic preservation, and religious freedom laws and policies.

NCAI and NATHPO have participated actively as *amici curiae* throughout this case and in earlier companion appeals. In earlier proceedings in these consolidated appeals, NCAI and NATHPO filed an *amici curiae* brief with this Court in support of the San Carlos Apache Tribe.[2] After this Court entered its March 13, 2026, opinion in these consolidated appeals, NCAI and NATHPO also filed an *amici curiae* brief in support of Appellants' emergency petition for injunction with the Supreme Court of the United States.[3] NCAI and NATHPO also

---

[2] *See* Br. of *Amici Curiae* Nat'l Congress of Am. Indians & Nat'l Ass'n of Tirbal Hist. Pres. Officers in Support of Appellant San Carlos Apache Tribe, *Ariz. Mining Reform Coal. v. U.S. Forest Serv.*, No. 25-5185, 2026 WL 711200 (9th Cir. Mar. 13, 2026) (No. 25-5189).

[3] *See* Br. of Nat'l Congress of Am. Indians & Nat'l Ass'n of Tribal Hist. Pres. Officers as *Amici Curiae* in Support of Applicants, *Lopez v. United States*, No. 25A1008, 2026 WL 782718 (Mar. 19, 2026).

participated as *amici curiae* in *Apache Stronghold v. United States*, an earlier companion appeal to these consolidated appeals. NCAI and NATHPO filed *amici curiae* briefs before both this Court at the preliminary, merits, and en banc stages,[4] and with the Supreme Court in support of Apache Stronghold's petition for certiorari.[5]

NCAI's and NATHPO's proposed *amici curiae* brief is both desirable and relevant to the disposition of this case. To the Western Apache and individual Apache people including Appellants, Chi'chil Biłdagoteel is "a sacred place of creation where the spirit word becomes physically manifest." Br. of *Amici Curiae* San Carlos Apache Tribe *et al.* at 5, *Apache Stronghold v. United States*, 145 S. Ct. 1480 (2025) (No. 24-291). The United States' transfer of Chi'chil Biłdagoteel to Resolution Copper to operate a copper mine will turn Chi'chil Biłdagoteel into a two-mile-wide, 1,000-foot-deep crater. As Justice

---

[4] *See, e.g.*, *Amicus* Br. of the Nat'l Congress of Am. Indians, A Tribal Elder, & Other Fed. Indian Law Scholars & Orgs., *Apache Stronghold v. United States*, 38 F.4th 742 (9th Cir. 2022) (No. 21-15295); Br. of Tribal Nations & Tribal Orgs. as *Amici Curiae* Supporting Pl.-Appellant, *Apache Stronghold v. United States*, 95 F.4th 608 (9th Cir. 2024) (en banc) (No. 21-15295).

[5] *See* Br. of 52 Tribal Nations & Orgs. as *Amici Curiae* in Support of Petitioner, *Apache Stronghold v. United States*, 145 S. Ct. 1480 (2025) (mem.) (No. 24-291), 2024 WL 5399334.

Gorsuch observed, "'It is undisputed' that the government's plan will permanently 'destroy the Apaches' historical place of worship, preventing them from ever again engaging in religious exercise.'" *Apache Stronghold*, 145 S. Ct. at 1480 (Gorsuch, J., dissenting) (citation omitted).

Many Native American religions and cultural practices, like those of the Western Apache and Appellants, are land based. Chi'chil Biłdagoteel, like so many Native American sacred places, is located on federal lands today only because of federal policies designed to systematically dispossess Tribal Nations of their homelands and territories and directly suppress Tribal religions. As a result, Tribal religious and cultural practices are disproportionately and uniquely burdened by federal land management decisions.

Despite—and, in part, because of—of this history, the Supreme Court of the United States has long recognized that the United States "has charged itself with moral obligations of the highest responsibility and trust" to Tribal Nations and Native Americans. *Seminole Nation v. United States*, 316 U.S. 286, 297 (1942). This includes a specific trust duty to protect Native religions. *See* 42 U.S.C. § 1996. As the United

6

States Court of Appeals for the Fifth Circuit has held, "preserving Native American culture[] . . . is fundamental to the federal government's trust relationship with tribal Native Americans." *Peyote Way Church of God, Inc. v. Thornburgh*, 922 F.2d 1210, 1216 (5th Cir. 1991) (footnote omitted).

NCAI's and NATHPO's proposed *amici curiae* brief chronicles the United States's policies of religious suppression and erasure and the destruction and seizure of Tribal homelands and sacred places. It further explains how contemporary federal actions—such as the transfer and destruction of Chi'chil Biłdagoteel—uniquely harm Tribal Nations and burden Native religious practitioners for whom sacred places are essential and whose land-based religious practices are tied to specific places. NCAI's and NATHPO's proposed *amici curiae* brief is helpful and relevant to the disposition of this case because this history and the United States's trust responsibility are necessary context to understand Appellants' claims and the harms arising from the transfer and destruction of Chi'chil Biłdagoteel.[6]

---

[6] *See* Stephanie Hall Barclay & Michalyn Steele, *Rethinking Protections for Indigenous Sacred Sites*, 134 Harv. L. Rev. 1294, 1343 (2021) ("[T]he coercive control government exercises over sacred sites, and the way in

## CONCLUSION

For the foregoing reasons, the Court should grant NCAI and

NATHPO leave to file the attached *amici curiae* brief.

RESPECTFULLY SUBMITTED this 4th day of May, 2026.

> */s/ Wesley James Furlong*
> Wesley James Furlong
>     *Counsel of Record*
> Beth Margaret Wright
> Jason Searle
> NATIVE AMERICAN RIGHTS FUND
>
> *Counsel for* Amici Curiae

---

which this threatens the very existence of tribes, should create a strong obligation under the government's trust responsibility and plenary power doctrine to protect the sacred practices of tribal members.").

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF. I certify that all participants in the case are registered CM/ECF users.

/s/ Wesley James Furlong
Wesley James Furlong
*Counsel of Record*
NATIVE AMERICAN RIGHTS FUND

*Counsel for* Amici Curiae

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

(1) this document complies with Ninth Circuit Rule 27-1(1)(d) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 7 pages; and

(2) this document complies with Federal Rule of Appellate Procedure 32(a)(5) and (6) because this document was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ *Wesley James Furlong*
Wesley James Furlong
*Counsel of Record*
NATIVE AMERICAN RIGHTS FUND

*Counsel for* Amici Curiae